FILED

2011 MAY -6 AM 11: 08

[ ... DISTRICT COURT
... DISTRICT OF FLORIDA
ORLANDO, FLORIDA ]

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**AXIS SPECIALTY INSURANCE COMPANY,**

       **Plaintiff,**

**vs.**

                           **Case No.:** 6-11-cv-762-18GJK

**AMERICAN NEWLAND COMMUNITIES, L.P.;
NEWLAND COMMUNITIES, LLC;
TERRABROOK VISTA LAKES L.P.;
TERRABROOK VISTA LAKES GP, LLC;
WESTERRA MANAGEMENT, LLC;
STEPHEN & VICTORIA AMBOS; BRENDA
MAE BROWN; JAMES & NANCY COTTERMAN;
MIRZA GONZALEZ & RICHARD MARCOS;
DONALD & TERESA LOGAN; SANTIAGO
MOLINA; DAVID REISTETER & TIFFANY
TAYLOR; LYMARIE RODRIGUEZ; MARIA
RODRIGUEZ; KERRY & BARBARA SCHOOLIK;
VIVIAN SIPE; JUANITA VELEZ; LUIS & NORMA
VIRGILIO; DOES 1-100; and PARK SQUARE
ENTERPRISES, INC.**

       **Defendants.**

_____/

### PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

    Plaintiff, AXIS SPECIALTY INSURANCE COMPANY ("AXIS"), by and

through its attorneys, Traub Lieberman Straus and Shrewsberry LLP, as and for its

complaint for declaratory relief, alleges as follows:

### INTRODUCTION

    1.    This is an action for declaratory judgment pursuant to 28 U.S.C. §§

2201-2202. Plaintiff seeks a declaration that AXIS has no duty to defend or indemnify AMERICAN NEWLAND COMMUNITIES, L.P., NEWLAND COMMUNITIES, LLC, TERRABROOK VISTA LAKES L.P., TERRABROOK VISTA LAKES GP, LLC, and WESTERRA MANAGEMENT, LLC (collectively "Newland") in seven (7) lawsuits brought by individuals alleging that they purchased homes on and/or immediately adjacent to a former military bombing range (hereinafter "Underlying Lawsuits") because the claims asserted in the Underlying Lawsuits do not constitute claims for "property damage" or "bodily injury." In the alternative, AXIS seeks a declaration that to the extent any "property damage" or "bodily injury" is alleged, the pollution exclusion in the AXIS policy applies to bar coverage.

2.    On a determination that the Underlying Lawsuits do not constitute claims for "property damage" or "bodily injury," or are otherwise barred, AXIS is entitled to recoup from Newland all defense costs incurred with regard to non-covered claims.

## PARTIES

3.    Plaintiff AXIS is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Hartford, Connecticut and administrative offices located in Alpharetta, Georgia.

4.    Upon information and belief, Defendant AMERICAN NEWLAND COMMUNITIES, L.P., is a limited partnership organized under the laws of the State of Delaware, with its principal place of business in San Diego, California.

5.    Upon information and belief, Defendant NEWLAND COMMUNITIES,

2

LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in San Diego, California.

6.      Upon information and belief, Defendant TERRABROOK VISTA LAKES L.P. is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in San Diego, California.

7.      Upon information and belief, Defendant TERRABROOK VISTA LAKES GP, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in San Diego, California.

8.      Upon information and belief, Defendant WESTERRA MANAGEMENT, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Dallas, Texas.

9.      Upon information and belief, Defendants STEPHEN & VICTORIA AMBOS are residents of the State of Florida, Orange County.

10.     Upon information and belief, Defendant BRENDA MAE BROWN is a resident of the State of Florida, Orange County.

11.     Upon information and belief, Defendants JAMES & NANCY COTTERMAN are residents of the State of Florida, Orange County.

12.     Upon information and belief, Defendants MIRZA GONZALEZ & RICHARD MARCOS are residents of the State of Florida, Orange County.

13.     Upon information and belief, Defendants DONALD & TERESA LOGAN are residents of the State of Florida, Sarasota County.

3

14.    Upon information and belief, Defendant SANTIAGO MOLINA is a resident of the State of Florida, Orange County.

15.    Upon information and belief, Defendants DAVID REISTETER & TIFANNY TAYLOR are residents of the State of Florida, Orange County.

16.    Upon information and belief, Defendant LYMARIE RODRIGUEZ is a resident of the State of Florida, Orange County.

17.    Upon information and belief, Defendant MARIA RODRIGUEZ is a resident of the State of Florida, Orange County.

18.    Upon information and belief, Defendants KERRY & BARBARA SCHOOLIK are residents of the State of Florida, Orange County.

19.    Upon information and belief, Defendant VIVIAN SIPE is a resident of the State of Florida, Orange County.

20.    Upon information and belief, Defendant JUANITA VELEZ is a resident of the State of Florida, Orange County.

21.    Upon information and belief, Defendants LUIS & NORMA VIRGILIO are residents of the State of Florida, Orange County.

22.    In addition to the Defendants named above, Plaintiff is aware that other individuals purchased homes on and/or immediately adjacent to the former military bombing range and are or may be bellwether plaintiffs and/or representative plaintiffs in the Underlying Lawsuits; however, AXIS presently is unaware of the true names of those other individuals and, therefore, sues said individuals by the fictitious names

4

DOES 1-100.

23.     Upon   information   and   belief,   Defendant   PARK   SQUARE
ENTERPRISES, INC. is a corporation organized and existing under the laws of the
State of Florida, with its principal place of business in Orlando, Florida.

## JURISDICTION AND VENUE

24.     This Court has original jurisdiction over this civil action under 28
U.S.C. § 1332(a)(1), because the parties are citizens of different states and the amount
in controversy in the Underlying Lawsuits exceeds the sum or value of $75,000,
exclusive of interest and costs, and the limit of liability under the AXIS Policy that is
the subject of this action is $1,000,000 per occurrence.

25.     Venue in this district is proper, pursuant to 28 U.S.C. § 1391(a),
because a substantial part of the events giving rise to this action occurred in this judicial
district and the policies at issue in the instant action were issued to entities residing in
and/or doing business in this judicial district and/or intended to be performed in this
judicial district.

26.     An actual and justiciable controversy exists between the parties as to the
scope and nature of the coverage, if any, provided by the AXIS policy for the
Underlying Lawsuits, and concerning AXIS' obligation to defend and/or indemnify
Newland in the Underlying Lawsuits.

## NATURE OF CONTROVERSY

5

## A.    The Underlying Lawsuits

27.    Newland submitted seven (7) Underlying Lawsuits for coverage under the AXIS policy. The Underlying Lawsuits are brought on behalf of multiple plaintiffs and share common allegations of fact and legal theories.

28.    It is alleged in the Underlying Lawsuits that Newland was the developer and marketer of a planned community known as Vista Lakes, located in Orlando, Florida, and that the underlying plaintiffs purchased homes located in various subdivisions of Vista Lakes.

29.    It is alleged that these homes were built on and/or immediately adjacent to the Pinecastle Jeep Range ("Range"), a former military bombing range. It is further alleged that Newland knew of the existence of the Range, but the underlying plaintiffs were never informed about the Range when purchasing their homes and learned of its existence only in 2007.

30.    The gravamen of the Underlying Lawsuits is that the Range has a materially negative impact on the market value of the underlying plaintiffs' properties. Further, a number of underlying plaintiffs claim to be suffering mental anguish as a result of living next to the Range.

31.    On November 7, 2007, a lawsuit captioned *Robert Bernardo, et al. v. Morrison Homes, Inc., et al.,* Civil Action No.2007-CA-14958 was filed against Newland, among others, in the Circuit Court of the Ninth Judicial District in and for Orange County, Florida (the "*Bernardo* lawsuit"). The *Bernardo* lawsuit has been

amended multiple times and presently asserts causes of action for fraud; negligence; violations of Florida Deceptive and Unfair Trade Practices Act § 502.201, et seq.; and Florida Statutes § 817.41 against Newland. A copy of the *Bernardo* Eighth Amended Complaint is annexed hereto as Exhibit "A."

32.    On January 10, 2008, a lawsuit captioned *Stephen Ambos, et al. v. Terrabrook Vista Lakes, L.P., et al.*, Civil Action No. 07-CA-18227 was filed against Newland, among others, in the Circuit Court of the Ninth Judicial District in and for Orange County, Florida (the "*Ambos* lawsuit"). The *Ambos* lawsuit has been amended multiple times and presently asserts causes of action for fraud; negligence; and violations of Florida Deceptive Unfair Trade Practices Act § 502.201, et seq.; and Florida Statutes § 817.41 against Newland. A copy of the *Ambos* Fourth Amended Complaint is annexed hereto as Exhibit "B."

33.    On April 17, 2008, a class action lawsuit captioned *Brenda Mae Brown, et al. v. Park Square Enterprises, Inc., et al. v. Park Square Enterprise, Inc., et al.*, Civil Action No. 08-CA-8647 was filed against Newland, among others, in the Circuit Court of the Ninth Judicial District in and for Orange County, Florida (the "*Brown* lawsuit"). The *Brown* lawsuit has been amended multiple times and presently asserts causes of action for unjust enrichment; deceptive acts/practices; negligence; and civil conspiracy against Newland. A copy of the *Brown* Second Amended Complaint is annexed hereto as Exhibit "C."

34.    On April 17, 2008, a class action lawsuit captioned *David Reisteter and*

*Tiffany Taylor, et al., v. Taylor Morrison Services, Inc., et al.,* Civil Action No. 48-2008-CA-8652-O was filed against Newland, among others, in the Circuit Court of the Ninth Judicial District in and for Orange County, Florida (the *"Reisteter* lawsuit"). The *Reisteter* lawsuit has been amended multiple times and presently asserts causes of action for unjust enrichment; negligence; and civil conspiracy against Newland.   A copy of the *Reisteter* Third Amended Complaint is annexed hereto as Exhibit "D."

35.    On May 20, 2008, a class action lawsuit captioned *Vivian Sipe and Marc Gervais, on Behalf of Themselves and All Others Similarly Situated v. Tousa, Inc., et al.,* Civil Action No. 48-2008-CA-11793-O was filed against Newland, among others, in the Circuit Court of the Ninth Judicial District in and for Orange County, Florida (the *"Sipe* lawsuit").   The *Sipe* lawsuit has been amended multiple times and presently asserts causes of action for fraudulent non-disclosure; unjust enrichment; money had and received; deceptive act or practice; negligence; and civil conspiracy against Newland.   A copy of the *Sipe* Third Amended Complaint is annexed hereto as Exhibit "E."

36.    On July 8, 2008, a class action lawsuit captioned *Lymarie Rodriguez, on Behalf of Herself and All Others Similarly Situated v. Tarragon Corporation, et al.,* Civil Action No.  48-2008-CA-16343-O was filed against Newland, among others, in the Circuit Court of the Ninth Judicial District in and for Orange County, Florida (the *"Rodriguez* lawsuit").   The *Rodriguez* lawsuit has been amended multiple times and presently asserts causes of action for fraudulent non-disclosure; unjust enrichment;

8

money had and received; negligence; and civil conspiracy against Newland. A copy of the *Rodriguez* Third Amended Complaint is annexed hereto as Exhibit "F."

37.    The Circuit Court has dismissed all non-negligence claims against Newland in the *Sipe, Rodriguez, Reisteter* and *Ambos* lawsuits.

38.    The *Ambos* and *Bernardo* lawsuits have been consolidated for discovery and trial, and the *Sipe, Rodriguez, Brown* and *Reisteter* lawsuits are currently stayed.

39.    On April 17, 2008, a class action lawsuit captioned *Luis Virgilio, et al. v. The Ryland Group., Inc.,* Civil Action No. 08-CA-8656 was filed against Newland, among others, in the United States District Court, Middle District of Florida (the "*Virgilio* lawsuit"). The *Virgilio* lawsuit has been amended multiple times and presently asserts causes of action for fraudulent non-disclosure; unjust enrichment; money had and received; violation of Florida Deceptive and Unfair Trade Practices Act § 502.201, et seq.; negligence; and civil conspiracy against Newland. A copy of the *Virgilio* Third Amended Complaint is annexed hereto as Exhibit "G."

40.    In February 2010, the United States District Court dismissed all claims against Newland in the *Virgilio* Lawsuit, including the claim for negligence. The Court found that the "[underlying] plaintiffs have not suffered any sort of bodily injury or property damage" and ruled that claims for diminution in value do not constitute claims for "property damage."

41.    On information and belief, factual and expert discovery is substantially complete and motion practice has narrowed the claims in the Underlying Lawsuits such

9

that it is clear the remaining underlying plaintiffs are seeking recovery only for the alleged difference between the purchase price of their homes and the purported market value of their homes had information about the Range been disclosed.

**B.    The AXIS Policy**

42.    AXIS issued Commercial General Liability Policy No. ALP70341 to Newland IHP Ventures, LLC for the policy period October 20, 2003 to October 20, 2006 (hereinafter the "Policy").  A copy of Policy No. ALP70341 is annexed hereto as Exhibit "H".

43.    The AXIS Policy is a commercial general liability that affords, in pertinent part, the following coverage:

**Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  . . .

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory; [and]

10

> (2)    The "bodily injury" or "property damage" occurs during the policy period; ...

44.    The AXIS Policy contains definitions of key policy terms.   Such definitions include, in pertinent part, the following:

> 3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> 13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> 15.    "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste...
>
> 17.    "Property damage" means:
>
> > a.    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> >
> > b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it...

45.    The AXIS Policy contains exclusions which describe subject matters or types of damages as to which coverage is not afforded under the insurance policy. One

such exclusion is the following:

    f.    Pollution

        **(1)**    "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of " pollutants":

            **(a)**    At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

                **(i)**    "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

    (ii)    "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

    (iii)    "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire"...

46.    Upon receipt of notice of the Underlying Lawsuits, AXIS agreed to participate in Newland's defense, subject to a full reservation of rights to disclaim or limit coverage pursuant to the terms, provisions, conditions and exclusions of the Policy.

47.     AXIS reserved its rights to deny coverage under the Policy to the extent there is no "property damage" or "bodily injury" as defined under the Policy and pursuant to the Policy's pollution exclusion.

## COUNT I

### DECLARATORY ACTION -
### DUTY TO DEFEND
### (against Newland)

48.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "47" of this Complaint as if fully set forth at length herein.

49.     AXIS has no duty to defend Newland for "suits" not seeking damages for "property damage" and/or "bodily injury" to which the Policy applies.

50.     The AXIS policy applies only to claims involving property damage" and/or "bodily injury" that occur during the policy period.

51.     The Underlying Lawsuits allege that the Range is inherently dangerous and has a materially negative impact on the value of the underlying plaintiffs' properties.

52.     The underlying plaintiffs seek to recover only damages for the diminution of value of their properties caused by the "stigma" of living in the vicinity of the Range.

53.     Diminution in value of real property does not constitute "property damage" to which coverage under the Policy applies.

54.     The Court in the *Virgilio* lawsuit has ruled that the "[underlying]

14

plaintiffs have not suffered any sort of property damage."

55.     Some underlying plaintiffs have claimed mental anguish as a result of living next to the Range, although recovery is not sought for same.

56.     Mental anguish does not constitute "bodily injury" to which coverage under the Policy applies.

57.     To the extent any underlying plaintiff claims "bodily injury," such did not occur, if at all, until after the underlying plaintiffs became aware of the existence of the Range in approximately July 2007, after the expiration of the AXIS policy.

58.     By reason of the foregoing, AXIS has no duty to defend Newland in the seven (7) Underlying Lawsuits.

## COUNT II

### DECLARATORY ACTION -
### DUTY TO INDEMNIFY
### (against Newland)

59.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "58" of this Complaint as if fully set forth at length herein.

60.     The AXIS policy applies only to claims involving "property damage" and/or "bodily injury" that occur during the policy period.

61.     Underlying plaintiffs seek damages only for the diminution of value of their properties caused by the "stigma" of living in the vicinity of the Range.

62.     Diminution in value of real property does not constitute "property damage" under the Policy.

15

63.     The Court in the *Virgilio* lawsuit has ruled that the "[underlying] plaintiffs have not suffered any sort of property damage."

64.     Some underlying plaintiffs also have claimed mental anguish as a result of living next to the Range, although recovery is not sought for same.

65.     Mental anguish does not constitute "bodily injury" to which coverage under the Policy applies.

66.     To the extent any underlying plaintiff claims "bodily injury," such did not occur, if at all, until after the underlying plaintiffs became aware of the existence of the Range in approximately July 2007, after the expiration of the AXIS policy.

67.     By reason of the foregoing, AXIS has no duty to indemnify Newland for the seven (7) Underlying Lawsuits.

## COUNT III

### DECLARATORY ACTION -
### POLLUTION EXCLUSION PRECLUDES COVERAGE
### (against Newland)

68.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "67" of this Complaint as if fully set forth at length herein.

69.     The absolute pollution exclusion in the AXIS policy precludes coverage for "property damage" and/or "bodily injury" "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants"... at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured."

70.     The Underlying Lawsuits claim that the properties are contaminated by the presence of toxic and dangerous chemicals such as lead, mercury and nitroglycerin on account of the presence of unexploded ordnance in the ground.

71.     By reason of the foregoing, AXIS has no obligation to defend or indemnify Newland for the seven (7) Underlying Lawsuits.

## COUNT IV

### RECOUPMENT
### (against Newland)

72.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "71" of this Complaint as if fully set forth at length herein.

73.     AXIS is providing Newland with a defense in the Underlying Lawsuits despite having no obligation to do so.

74.     Upon a declaration that the Underlying Lawsuits do not constitute claims for "property damage" or "bodily injury" to which coverage under the Policy applies and/or are excluded from coverage, AXIS is entitled to recoup costs incurred in the defense of non-covered claims in the Underlying Lawsuits.

## COUNT V

### DECLARATORY ACTION AGAINST
### NECESSARY AND OTHERWISE PROPER PARTY DEFENDANTS

75.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "74" of this Complaint as if fully set forth at length herein.

76.     Under Rule 19(a) of the Federal Rules of Civil Procedure, a necessary and otherwise proper party is one who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action; such party shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

77.     Defendants Stephen Ambos, Victoria Ambos, Brenda Mae Brown, James Cotterman, Nancy Cotterman, Mirza Gonzalez, Richard Marcos, Donald Logan, Teresa Logan, Santiago Molina, David Reisteter, Tiffany Taylor, Lymarie Rodriguez, Maria Rodriguez, Kerry Schoolik, Barbara Schoolik, Vivian Sipe, Juanita Velez, Luis Virgilio, and Norma Virgilio are plaintiffs in the Underlying Lawsuits.

78.     Defendants DOES 1-100 are plaintiffs in the Underlying Lawsuits.

79.     As plaintiffs in the Underlying Lawsuits, these individuals may seek benefits under the Policy issued to Newland.

80.     Therefore, any declaratory judgment in this action may affect the rights of these individuals, and each is a necessary and otherwise proper party.

81.     Defendant Park Square Enterprises, Inc. is a defendant in the *Brown*

18

Lawsuit and has filed cross-claims against the Newland entities. The cross-claims are directly related to the Underlying Lawsuits. A copy of the Park Square Enterprises, Inc. cross-claim is annexed hereto as Exhibit "I."

      82.    Therefore, any declaratory judgment in this action may affect the rights of Park Square Enterprises, Inc. and it is a necessary and otherwise proper party.

**PRAYER FOR RELIEF**

      WHEREFORE, plaintiff AXIS respectfully requests that the Court issue an order:

    a.    declaring that AXIS has no obligation to defend Newland in the Underlying Lawsuits;

    b.    declaring that AXIS has no obligation to indemnify Newland for the Underlying Lawsuits;

    c.    declaring that the absolute pollution exclusion in the AXIS policy bars coverage for the Underlying Lawsuits;

    d.    declaring that AXIS is entitled to recoup all costs incurred in defending non-covered claims;

    e.    declaring that Stephen Ambos, Victoria Ambos, Brenda Mae Brown, James Cotterman, Nancy Cotterman, Mirza Gonzalez, Richard Marcos, Donald Logan, Teresa Logan, Santiago Molina, David Reisteter, Tiffany Taylor, Lymarie Rodriguez, Maria Rodriguez, Kerry Schoolik, Barbara Schoolik, Vivian Sipe,

19

Juanita Velez, Luis Virgilio, and Norma Virgilio, DOES 1-100, and Park Square Enterprises, Inc. are necessary and otherwise proper parties and are bound by the judgment herein; and

f.      granting such other relief as the Court deems just and proper, together with reasonable attorneys fees, costs, and disbursements in this action.

Dated:      May 5, 2011

Respectfully submitted,

_____s/Michael K. Kiernan_____
MICHAEL K. KIERNAN, ESQUIRE
Fla. Bar No. 391964
**Trial Counsel**
Traub Lieberman Straus & Shrewsberry L.L.P.
Post Office Box 3942
St. Petersburg, Florida 33731
(727) 898-8100 - Telephone
(727) 895-4838 - Facsimile
mkiernan@traublieberman.com
Attorneys for Plaintiff

20